IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN LUSTER, aka ANDREW )
LUSTER, )
    Petitioner, )
     )
         v. ) 2:10-cv-1707
     )
SUPERINTENDENT OF SCI MERCER )
et. al. , )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.

    Kevin Luster an inmate at the State Correctional Institution at Mercer has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    In his present petition, Luster does not seek to challenge his myriad of criminal convictions but rather the fact that he has been recommitted as a convicted parole violator as a result of his December 24, 2009 conviction of a summary offense committed while on parole. For this reason a review of the petitioner's convictions and parole releases is set forth.

    On October 10, 1978, he was sentenced to four concurrent 10 to 20 year sentences after being convicted of rape, involuntary deviate sexual intercourse, robbery and burglary at No. 7802294.[1] On that same date he was sentenced to five concurrent 5 to 10 year sentences on five burglary convictions at No. 78002523A and another 5 to 10 year sentence for burglary at No. 780002525. On April 26, 1988, he was constructively paroled from No. 7802294, his first sentence, to commence serving the sentence imposed at Nos. 78002523A and 780002525.[2] On

---

[1] See: Exhibit 1 to the answer. All criminal information numbers refer to filings in the Court of Common Pleas of Allegheny County, Pennsylvania.
[2] See: Exhibit 1 to the answer.

1

April 26, 1993 he was paroled on Nos. 78002523A and 780002525 with a maximum sentence date of April 26, 1998.[3]

On May 20, 1994, Luster was convicted of burglary and possession of instruments of crime and sentenced to a 3 to 10 year period of incarceration at No. 9401905.[4] That same date he was sentenced to a concurrent 3 to 10 year sentence for burglary, theft by unlawful taking or disposition and receiving stolen property at No. 9402252[5]; to 6 to 12 months for receiving stolen property at No. 9402931[6]; to 1 to 5 years for receiving stolen property at No. 9402881[7]; to 1 to 5 years for receiving stolen property at No. 9402782[8] and to 6 months to 1 year and 1 day for receiving stolen property at No. 9402785.[9]

On September 20, 1994, petitioner was sentenced to 4 to 20 years on charges of Burglary at No. 9404244[10]; to a concurrent 4 to 20 years for burglary at No.9404246[11]; to a concurrent 4 to 20 years for burglary at No. 9407343[12]; to 4 to 20 years for burglary at No. 9405051[13] and to 6 to 23 months for credit card violations and receiving stolen property at No.9404356[14].

On August 11, 1994 and April 6, 1995 he was recommitted as a convicted parole violator and on July 5, 1995 his parole maximum date was established at September 20, 2004.[15] On February 9, 1999 he was released on constructive parole from No. 7802294 and released on parole on June 30, 2003 at Nos. 9407343, 9405051, 9404244, 9404246, 9401905, 9402252, 9402881, 9402782 and 9402931 with a maximum sentence date of January 9, 2019.[16]

On February 12, 2004, Luster was recommitted as a technical parole violator for violating the conditions of his parole.[17]

On April 25, 2005 he was convicted of burglary, theft by unlawful taking, receiving stolen property and criminal mischief and sentenced to 27 to 60 months at No. 200400343.[18]

---

[3] See: Exhibits 1 and 2 to the answer.
[4] See: Exhibit 3 to the answer.
[5] See: Exhibit 4 to the answer.
[6] See: Exhibit 5 to the answer.
[7] See: Exhibit 6 to the answer.
[8] See: Exhibit 7 to the answer.
[9] See: Exhibit 8 to the answer.
[10] See: Exhibit 9 to the answer.
[11] See: Exhibit 10 to the answer.
[12] See; Exhibit 11 to the answer.
[13] See: Exhibit 12 to the answer.
[14] See: Exhibit 13 to the answer.
[15] See: Exhibits 14, 15 and 16 to the answer.
[16] See: Exhibits 17 and 18 to the answer.
[17] See: Exhibit 19 to the answer.

On August 30, 2005, Luster was recommitted as a convicted parole violator at No. 200400343 and his maximum sentence expiration date was established as October 20, 2020.[19] On June 27, 2007, he was released on constructive parole from Nos. 9407343, 9405051, 9404244, 9404246, 9401905 and 9402252 and his maximum parole date on these sentences was set at October 20, 2020.[20]

On August 27, 2009, petitioner was released on parole on No. 200400343 with a maximum sentence expiration on that sentence of August 13, 2010.[21]

While on parole, the petitioner was convicted of disorderly conduct on December 24, 2009 and sentenced to time served.[22] As a result of this conviction, Luster was recommitted as a technical parole violator on March 19, 2010[23] and his sentence maximum date at Nos. 9407343, 9405051, 9404244, 9404246, 9401905 and 9402252 was established as November 6, 2020.[24]

On October 18, 2010, the petitioner's application for release on parole was denied with an advisory that he could file a new application one year from that date.[25] A petition for review was filed in the Commonwealth Court and on November 29, 2010 the latter court concluded that the decision to grant or deny parole rests with the discretion of the Pennsylvania Board of Probation and Parole and is not subject to judicial review under Pennsylvania law.[26]

Luster now comes before this Court seeking habeas corpus relief, and in support of his petition alleges that the denial of release on parole was a violation of his constitutional liberty protection.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

---

[18] See: Exhibit 20 to the answer.
[19] See: Exhibit 21 to the answer.
[20] See: Exhibit 22 to the answer.
[21] See: Exhibit 23 to the answer.
[22] See: Exhibit 24 to the answer.
[23] See: Exhibit 25 to the answer.
[24] See: Exhibit 26 to the answer.
[25] See: Exhibit 27 to the answer and Exhibit A to the petition.
[26] See: Exhibit b to the petition.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...

> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

The long applicable Pennsylvania Provisions regarding recommitment of a parole violator, 61 Pa.C.S. 6138, provide that upon reentering the penal system, a parolee must serve the full term of imprisonment to which he was sentenced, less any time served prior to being paroled. Section 331.21 of 61 P.S. does not create a mandatory expectation of release on parole but rather has been determined to be a matter of grace. An inmate is merely assured of the right to petition for release. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here unless the petitioner can demonstrate that the denial of parole was based on "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980). No such showing is made here.

Additionally, it is only when the denial of parole is based on fundamentally impermissible criteria, such as race, religion, political beliefs, etc. that a basis for federal consideration is set forth. Block v. Potter, 631 F.2d 233 (3d Cir.1980). No such claim or showing is made here. Rather the record reveals that the petitioner has been in and out of the Pennsylvania

penal system for in excess of thirty years, and that every time he is released on parole he is convicted of other offenses.[27]

Thus, the decision not to release the petitioner on parole is not contrary to clearly established federal law and does not involve an unreasonable application of clearly established federal law as required by 28 U.S.C. §2254(d)(1) and for this reason Luster is not entitled to relief here.

Accordingly, the petition of Andrew Luster for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[27] See: Reasons for denial of parole set forth in Exhibit A to the petition.

ORDER

AND NOW, this 17th day of May, 2011, for the reasons set forth in the foregoing Memorandum,

IT IS ORDERED that the petition of Andrew Luster for a writ of habeas corpus is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell<br>
United States Magistrate Judge